

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-21-2007

# Wijana v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2635

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Wijana v. Atty Gen USA" (2007). *2007 Decisions.* Paper 402.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/402

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 06-2635 and 06-2636
_____

IDA WIJANA,

Petitioner in No. 06-2635

vs.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

DENNY FARIDDIN NOOR,

Petitioner in No. 06-2636

vs.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

ON PETITIONS FOR REVIEW OF ORDERS
DATED APRIL 10, 2006 OF THE BOARD OF
IMMIGRATION APPEALS
(BIA Nos. A96-266-651 & A96-266-652)
(Immigration Judge: Charles M. Honeyman)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 18, 2007
Before:   SLOVITER, SMITH and WEIS, Circuit Judges.
(Filed:   September 21, 2007)

_____

OPINION

_____

1

WEIS, Circuit Judge.

Petitioners are natives and citizens of Indonesia. Petitioner Noor testified that they are ethnic Chinese Christians. Petitioners came to the United States separately in 1999 and married in 2001 after overstaying their non-immigrant visas. In 2003, they applied for asylum, withholding of removal, and protection under the Convention Against Torture.

The IJ and the BIA found that the request for asylum was untimely and that petitioners did not show extraordinary circumstances or changed circumstanced that excused the delay. We lack jurisdiction to review that finding because it does not present a constitutional claim or a question of law. See Jarbough v. Attorney General, 483 F.3d 184, 189-90 (3d Cir. 2007) (citing 8 U.S.C. § 1252(a)(2)(D)).

The IJ and BIA also rejected the petitioners' applications for withholding of removal and protection under the Convention Against Torture because they found that petitioners had not suffered past persecution or shown a clear probability of future persecution or a likelihood that they would be tortured if they return to Indonesia.

Petitioner Noor testified that his parents and siblings run a restaurant in Indonesia. He stated that they have been visited by people who demanded money from them, but that they have not been otherwise harmed. He claimed that while he and his wife were in Indonesia they were subjected to insults and harassment from native Indonesians. He described one incident in 1998 where he and Wijana were assaulted by two assailants who attempted to rob them. When Noor attempted to defend himself and

2

his future wife, he was slashed on the arm with a knife, but did not require medical treatment. The assailants fled when Noor and Wijana retreated to a police station.

The robbery incident and the other instances of unfair treatment suffered by petitioners do not meet the requirements for a showing of past persecution or a clear probability of persecution should they return to Indonesia. See Fatin v. INS, 12 F.3d 1233, 1249 (3d Cir. 1993). The attack was an isolated one and it is significant that petitioners were able to escape further harm because of the availability of police protection. See Lie v. Ashcroft, 396 F.3d 530, 537 (3d Cir. 2005). The Country Report entered into the record supports the IJ and BIA's conclusion that petitioners have not shown a pattern or practice of persecution of similarly situated persons in Indonesia or a likelihood they would be tortured should they return to Indonesia.

Our review of the record persuades us that the IJ and the BIA did not err in ordering the petitioners' removal.

Accordingly, the petitions for review will be denied.